UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Carlos McMicheal, *also known as Carlos Al McMichael,* SCDC ID No. 310820, <br><br> Plaintiff, <br><br> vs. <br><br> John Pate, *Warden*; McKendley Newton, *A/warden*; Aurther Jordan, *A/warden*; Walter Worrock; Joseph DeLoach, *Capt*; Thomas E. Byrne, MD; A. Jamison, *Officer*; Officer Chaney; G. Donaldson; Investigator Orr; Jermaine Donaldson; John Does; sued in their individual and official capacity, <br><br> Defendants. <br>_____ | ) C/A No. 8:13-263-TMC-JDA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) *Partial Summary Dismissal* <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff, Carlos McMicheal, *also known as Carlos Al McMichael, SCDC ID No. 310820* ("Plaintiff"), a state prisoner in the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC") in Bishopville, South Carolina, proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff seeks compensatory and punitive damages against Defendants Pate, Newton, Jordan, Worrock, DeLoach, Byrne, Jamison, Chaney, G. Donaldson, and Orr, all of whom are staff members of SCDC's

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Allendale Correctional Institution in Fairfax, South Carolina, where Plaintiff was previously incarcerated.[2] Plaintiff also named as Defendant "John Does" of SCDC's Headquarters in Columbia, South Carolina, and Inmate Jermaine Donaldson, who is alleged to be confined in SCDC's Kirkland Correctional Institution in Columbia, South Carolina. Plaintiff's Complaint alleges that Defendants were deliberately indifferent to a serious risk of harm to Plaintiff by failing to protect him from being assaulted and physically injured by Defendant Jermaine Donaldson, on January 21, 2012, and by failing to obtain adequate medical assistance for Plaintiff after the assault. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.[3] Plaintiff's allegations concerning Defendants Pate, Newton, Jordan, Worrock, DeLoach, Byrne, Jamison, Chaney, G. Donaldson, Investigator Orr, and "John Does," are sufficient to require service of process of Plaintiff's Complaint on these Defendants. However, Plaintiff's Complaint fails to state a claim upon which relief may be granted as to Defendant Jermaine Donaldson, who was/is not a "person acting under color of state law," within the meaning of § 1983 and thus is not amenable to a § 1983 claim. Consequently, Plaintiff's Complaint should be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendant Jermaine Donaldson.

### *Pro Se* and *In Forma Pauperis* Review

---

[2] Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[3] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) and (e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact," *Denton v. Hernandez*, 504 U.S. at 31; and a claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  This mandated liberal construction afforded to *pro se* pleadings means that if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that he was attacked by a mentally ill inmate, Defendant Jermaine Donaldson, on January 21, 2012, and part of Plaintiff's pinkie finger was bitten off by Donaldson. Plaintiff alleges that, prior to the attack, on August 31, 2011 and thereafter, Plaintiff informed Defendants of threats made on Plaintiff's life by unknown inmates, but Defendants dismissed the threats and took no action to protect Plaintiff. Plaintiff also alleges that Defendants' placement of seriously mentally ill inmates in the general prison population posed a substantial risk of harm to Plaintiff and other inmates. Plaintiff alleges that, after he was attacked and part of his finger was bitten off, Defendants unreasonably delayed his medical treatment by waiting more than two hours to transport Plaintiff to a hospital, while Plaintiff was bleeding excessively. Plaintiff alleges in another grievance attached to his Complaint that the portion of his finger that was bitten off could have been saved if Defendants had acted reasonably during Plaintiff's medical emergency and gotten him to the hospital sooner. Plaintiff specifically invokes 42 U.S.C. § 1983 and sues all Defendants in their individual and official capacities. Plaintiff seeks $250,000 in compensatory damages and $150,000 in punitive damages. *See* Complaint, ECF No. 1, p. 3-5.

## Discussion

In order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). As noted above, the purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 936-37; *see United States v. Int'l*

*Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). Although many factors may be considered in determining whether state action is present, *Mentavlos v. Anderson*, 249 F.3d 301, 311-12 (4th Cir. 2001), no single factor is determinative, and the "totality of the circumstances" must be evaluated. *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 343 (4th Cir. 2000). Plaintiff's Complaint makes no allegation that Defendant Jermaine Donaldson, who was a fellow inmate of Plaintiff's in the Allendale Correctional Institution, acted under color of state law. Therefore, under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint fails to state a claim on which relief can be granted by this Court as this Defendant, because the Complaint fails to allege that Defendant Jermaine Donaldson acted "under color of state law," within the meaning of § 1983, when he injured Plaintiff.

## Recommendation

Accordingly, it is recommended that the Court partially summarily dismiss Plaintiff's Complaint, without prejudice and without issuance and service of process, as against Defendant Jermaine Donaldson. Plaintiff's Complaint should be served upon the remaining Defendants.

Plaintiff's attention is directed to the important notice on the next page.


                                                      s/Jacquelyn D. Austin
                                                     United States Magistrate Judge

April 5, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).