IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Carlos McMichael, ) | |
| ) | C/A No. 8:13-263-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| John Pate, Newton McKendley, ) | |
| Aurther Jordan, Walter Worrock, ) | |
| Joseph DeLoach, Thomas E. Byrne, ) | |
| M.D., A. Jamison, Officer Chaney, ) | |
| G. Donaldson, Orr Jermaine ) | |
| Donaldson, and John Does, in their ) | |
| individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Carlos McMichael ("McMichael"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Defendants John Pate, Newton McKendley, Aurther Jordan, Walter Worrock, Joseph DeLoach, Thomas Bryne, M.D., A. Jamison, Officer Chaney, G. Donaldson, Orr Jermaine Donaldson, and John Does (collectively "Defendants") filed a motion to dismiss. (ECF No. 31). McMichael filed a response opposing the motion. (ECF No. 35).[1] On January 21, 2014, the magistrate judge filed a Report and Recommendation ("Report") in which she recommended that Defendants' Motion to Dismiss be granted in part and denied in part. (ECF No. 49). Specifically, the magistrate judge recommended that only the claims against

---

[1] The magistrate judge granted McMichael's motion for an extension of time within which to file an additional response, and the additional response was due July 29, 2013 (ECF No. 37). (ECF No. 43). However, McMichael failed to file any additional response.

Defendants in their official capacities be dismissed. The parties did not timely file objections.[2]

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

As noted above, the parties did not timely file any objections to the Report. Accordingly, the court has reviewed the Report for clear error and has not discerned any. As to McMichael's claims, particularly the failure to protect claim, Defendants' arguments may be grounds for a future motion for summary judgment after the benefit of discovery and a more developed record. At this juncture, however, dismissal is inappropriate. Accordingly, the court denies Defendants' motion to dismiss, except for the claims brought against Defendants in their official capacities.

If this action is not dismissed, the magistrate judge also recommends that Plaintiff be given additional time to attempt to serve John Doe and that Defendants be directed to use reasonable efforts to identify John Doe for service. Under Rule 4 of the Federal Rules of Civil

---

[2]The deadline to file objections was February 7, 2014. On February 20, 2014, McMichael filed a motion for an extension of time within which to file objections, McMichael stated he wanted more time to hire an attorney. (ECF No. 52). The court denied the extension. (ECF No. 54).

Procedure, "If a defendant is not served within 120 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). The court calculates the 120-day period contemplated in Rule 4(m) from the date on which the Clerk of Court issued the original summonses, which in this case is April 10, 2013. *Robinson v. Clips*, 602 F.3d 605, 608-09 (4th Cir. 2010). Accordingly, the 120-day period for service of process expired on August 12, 2013. Because Plaintiff is proceeding in forma pauperis, he is entitled to have the Summons and Complaint served by the United States Marshals Service ("USMS"). *See* 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(3). *See also Robinson v. Clips*, 602 F.3d 605, 608 (4th Cir. 2010) ("In forma pauperis plaintiffs must rely on the district court and the [USMS] to effect service of process according to 28 U.S.C. § 1915."). However, Plaintiff must provide sufficient information to locate a defendant with "reasonable effort." *Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010).

On the first summons for John Doe, McMichael did not include any information as to the identity of John Doe. (ECF No. 17). And the summons was returned unexecuted by the USMS with the notation that "the identity of John Doe is unable to be determined. Need further identifiers." (ECF No. 41). The magistrate judge recommends that McMichael be given additional time to serve John Doe and that Defendants be directed to use reasonable efforts to identify John Doe. (Report at 15 and 21 n.12). The court agrees with this recommendation, but also directs McMichael to provide any identifying information which he may know, such as the date and time his relatives spoke with John Doe, and any other information which may help to identify John Doe.

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 49) and incorporates it herein. Therefore, Defendants' Motion to Dismiss (ECF No. 31) is **GRANTED in part and DENIED in part**, and only the

claims against Defendants in their official capacities are dismissed.

Furthermore, it is **ORDERED** that Plaintiff must validly effect service on Defendant John Doe within sixty (60) days from the date of this Order.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

February 24, 2014
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.