IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Carlos McMicheal, | ) | Case No. 8:13-cv-00263-TMC-JDA |
| *also known as Carlos Al McMichael,* | ) | |
| *SCDC ID No. 310820*, | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| John Pate, *Warden*; McKendley Newton, | ) | |
| *A/warden*; Aurther Jordan, *A/warden*; Walter | ) | |
| Worrock; Joseph Deloach, *Capt*; Thomas E. | ) | |
| Byrne, MD; A. Jamison, *Officer*; Officer | ) | |
| Chaney; G. Donaldson; Investigator Orr; | ) | |
| Jermaine Donaldson; John Does; sued in their | ) | |
| individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon review of the record. Pursuant to the
provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this
magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C.
§ 1983 and to submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, filed this action alleging a violation of his constitutional
rights pursuant to 42 U.S.C. § 1983 on January 24, 2013.[1]  [Doc. 1.]  On February 24,
2014, the Honorable Timothy M. Cain ordered Plaintiff to effect service on Defendant John
Doe within sixty days of that Order, or by April 25, 2014.[2]  [Doc. 57.]  On April 29, 2014,

_____

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for
forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing
date in the light most favorable to Plaintiff, this action was filed on January 24, 2013. [Doc. 1-2 (envelope
stamped received by prison authorities on January 24, 2013).]

[2]As noted in the Order, the 120-day period for service of process on Defendant John Doe expired on
August 12, 2013.  Because Plaintiff failed to identify John Doe on the first summons, it was returned
unexecuted by the United States Marshal Service ("USMS").  Accordingly, Judge Cain ordered Plaintiff to

Plaintiff's counsel informed the Clerk that service had not been effected on Defendant John Doe.

The Federal Rules of Civil Procedure require that a defendant be served with a summons and a copy of the complaint within 120 days after the complaint is filed. Fed.R.Civ.P. 4(c)(1), (m).  If a defendant is not served within the 120–day period, then "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period ." *Id.*  Further, "[e]ven if the [p]laintiff cannot show good cause, the court may, in its discretion, grant an extension of time if it deems such an extension to be warranted." *PerriClair v. Ace P'ship of Charleston SC*, 2011 WL 765671, *1 (D.S.C. Feb. 23, 2011); *see* Fed. R. Civ. P. 4(m) advisory committee's notes (1993) ("[Rule 4(m) ] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

Here, as stated, Plaintiff has already been granted one extension of time—from the original service deadline of August 12, 2013 until April 25, 2014—to identify and effect service on Defendant John Doe.  However, Plaintiff has yet to validly effect service on Defendant John Doe.  Plaintiff has not requested an additional extension of time, and

---

provide any information that would help identify John Doe and to validly effect service on Defendant John Doe by April 25, 2014.  [Doc. 57.]  On March 19, 2014, Plaintiff was again directed to cooperate with Defendants to identify Defendant John Doe and to validly effect service on Defendant John Doe by April 25, 2014.  [Doc. 69.]  Plaintiff was also specifically warned that if he did not validly effect service by April 25, 2014, Defendant John Doe would be subject to dismissal pursuant to Fed. R. Civ. P. 4(m).  [*Id.*]

because Plaintiff has had over one year to effect service on Defendant John Doe, the Court finds that another extension would not be warranted.  Therefore, the Court finds it appropriate to dismiss Defendant John Doe under Rule 4(m).

Wherefore, based upon the foregoing, the Court recommends that Defendant John Doe be dismissed.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

April 30, 2014
Greenville, South Carolina